# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 14-108 |
| | ) |
| JASON T. KOREY, | ) |
| | ) |
| Defendant. | ) |

## OPINION

CONTI, Chief District Judge

**I. Background**

On April 29, 2014, a federal grand jury in the Western District of Pennsylvania returned a one-count indictment charging defendant Jason T. Korey ("Korey") with possession of a firearm and ammunition by a convicted felon, on or about April 17, 2014, a violation of 18 U.S.C. § 922(g)(1). (ECF No. 1.) On May 14, 2014, Korey pleaded not guilty to count one of the indictment. (ECF No. 17.) On March 11, 2015, the government filed a superseding indictment against Korey charging him with: (1) possession of a firearm and ammunition by a convicted felon, on or about April 17, 2014, a violation of 18 U.S.C. § 922(g)(1); and (2) possession of a stolen firearm, on or about April 17, 2014, a violation of 18 U.S.C. § 922(j). (ECF No. 59.) On March 20, 2015, Korey pleaded not guilty to the charges contained in the superseding indictment. (ECF No. 69.)

On May 5, 2015, a jury trial commenced against Korey with respect to the charges against him in the indictment. On May 14, 2015, during a conference with respect to the final charge to the jury, the court asked counsel for the government and Korey whether a jury instruction requiring the jurors to be unanimous with respect to whether Korey possessed a

firearm or ammunition was appropriate and necessary in this case. The court gave the parties time to meet and confer following the conference with respect to that issue.

On May 15, 2015, the government submitted a request to the court asking that the following instruction be given to the jury in this case:

> Although all jurors must agree that the defendant possessed a firearm or ammunition, you need not all agree on the exact item possessed. For example: if a defendant was charged with possessing a pistol found in the bedroom, a rifle found in the kitchen, and shotgun ammunition found in the basement; you must all unanimously agree that he possessed at least one of these items. You do not have to agree on which one, or if he possessed more than one. It would be sufficient if one juror determined that he possessed the pistol, five jurors determined that he possessed the rifle, two jurors determined that he possessed the shotgun ammunition, and four jurors determined that he possessed them all.

Korey opposed the government's request arguing the facts of this case are likely to confuse the jury, and under those circumstances, a jury unanimity instruction with respect to whether Korey possessed a firearm or ammunition is required. Korey requested the following instruction be given to the jury:

> 4.03 UNANIMITY ON SPECIFIC ACTS
>
> Count 1 of the indictment alleges that the defendant committed certain specific acts. The government need not prove that each and every specific alleged act was committed by the defendant. However, the government must prove that the defendant committed at least one of the specific acts which are alleged in Count 1. In order to find that the government has proved the defendant committed a specific act, the jury must unanimously agree on which specific act that defendant committed.
>
> For example, if some of you find defendant did knowingly possess the .40 caliber Beretta pistol and the rest of you find defendant did knowingly possess a Glock 9 millimeter magazine containing 15 rounds of ammunition, then there is no unanimous agreement on which act has been proved. On the other hand, if all jurors find defendant did knowingly possess at least one of those specific items (with all agreeing on the same item) then there is unanimous agreement.

2

Based upon the foregoing, the issue currently before this court is whether a jury unanimity instruction is required in this case with respect to count one of the indictment, which charges Korey with being a felon in possession of a firearm and[1] ammunition.

**II. Discussion**

In United States v. Tann, 577 F.3d 533 (3d Cir. 2009), the Court of Appeals for the Third Circuit held that a defendant's "possession of both a firearm and ammunition, seized at the same time in the same location, supports only one conviction and sentence under § 922(g)(1)." Tann, 577 F.3d at 537 (citing Untied States v. Parker, 508 F.3d 434, 440 (7th Cir. 2007); United States v. Olmeda, 461 F.3d 271, 280 (2d Cir. 2006); United States v. Richardson, 439 F.3d 421, 422 (8th Cir. 2006); United States v. Verrecchia, 196 F.3d 294, 297-98 (1st Cir. 1999); United States v. Dunford, 148 F.3d 385, 390 (4th Cir. 1998)). The court explained that "the allowable unit of prosecution[2] under § 922(g) is the incident of possession, regardless of whether a defendant possessed more than one firearm, or possessed a firearm and ammunition." Tann, 577 F.3d at 537. The Court of Appeals for the Third Circuit in United States v. Kennedy, 682 F.3d 244 (3d Cir. 2012), explained what it means for a defendant to possess any firearm or ammunition in the "same location." The court commented that "[w]hat matters is the defendant's 'course of ... treatment of the firearms,' which 'may not be viewed in a frozen, momentary state immediately prior to the seizure.'" Kennedy, 682 F.3d at 255-56 (quoting United States v. Mullins, 698 F.2d 686, 687 (4th Cir. 1983)). The district court in Kennedy determined "'same location' to mean 'same street address,' inferring that because the guns were discovered in vehicles parked at the

---

[1] "'[A]n indictment may be phrased in the conjunctive, when the statute and jury instructions are phrased in the disjunctive, without creating a constructive amendment of the indictment....'" United States v. Thompson, 560 F.3d 745, 748 (8th Cir. 2009).

[2] The Supreme Court of the United States has defined "allowable unit of prosecution" as "a distinguishable discrete act that is a separate violation of the statute." Sanabria v. United States, 437 U.S. 54, 70 (1978).

same address, [the defendant] possessed them simultaneously." Kennedy, 682 F.3d at 256. The court of appeals held the district court was incorrect, explaining that the district court's interpretation of "same location"

> marked [an] expansion of Tann and collides with myriad decisions of Courts of Appeals outside this circuit that understand the concept of simultaneous possession in the same location more narrowly. See, e.g., United States v. Verrecchia, 196 F.3d 294, 296, 298 (1st Cir.1999) (holding that it was appropriate to bring two charges under § 922(g)(1), one for guns seized from defendant's barn and a second for guns seized from defendant's truck that had previously been stored with the guns in the barn); United States v. Keen, 104 F.3d 1111, 1112, 1118 & n. 11 (9th Cir.1996) (holding that simultaneous seizure of a shotgun and ammunition from the same room supports one § 922(g)(1) conviction, but observing that "[g]uns that are acquired at different times or stored in separate places permit separate punishment to be imposed for each violation of § 922(g)"); United States v. Hutching, 75 F.3d 1453, 1460 (10th Cir.1996) (explaining that "simultaneous possession of multiple firearms generally constitutes only ... one offense unless there is evidence that the weapons were stored in different places," and finding that firearms stored in the defendant's bedroom, a car in his garage, and his truck could be charged as separate offenses) (quotation marks omitted); United States v. Bonavia, 927 F.2d 565, 569 (11th Cir.1991) (explaining that "separate possessions can be established by showing ... that the weapons were stored in different places" and finding counts multiplicitous when the Government presented no such evidence) (quotation marks omitted); United States v. Gann, 732 F.2d 714, 717, 721 (9th Cir.1984) (holding that multiple charges were permissible when firearms were found in defendant's bedroom closet and car because they were "stored separately").

Id. at 256. The court of appeals in Kennedy further explained that:

> The evidence adduced at trial showed that Kennedy stored two different firearms in separate vehicles—one in the Cadillac, and a second in the Lincoln. The firearms were kept in secret compartments that contained heroin branded with different stamps, suggesting different distributors. The Lincoln gun was in the car with Kennedy upon his arrival at the Irvington residence before his arrest, indicating that the firearms were some distance apart while he was out driving. These facts were enough to show that Kennedy did not simultaneously possess the guns, but rather stored them in separate locations, albeit at times on the premises of the same street address. On these facts, it was proper for the Government to charge separate § 922(g)(1) counts.

Id. at 256.

Although the court of appeals in Kennedy held that "same location" does not necessarily equate to the same *physical* address, the fact that firearms or firearms and ammunition are found in one residence may be indicative of the possession of those items at the same location. United States v. Marino, 682 F.2d 449, 453 (3d Cir. 1982) (holding defendant's possession of three firearms, one in a bedroom nightstand, and two in a closet near the bedroom, recovered from the execution of one search warrant constituted "simultaneous possession" and a single offense).

In this case, evidence was presented to the jury that probation officers from the United States Probation Office for the Western District of Pennsylvania conducted a search[3] of the home of Korey's mother, where Korey resided. The probation officers testified that they recovered the following items during the search:

- One .40 caliber Beretta handgun with serial number BER017615M;
- One unloaded, i.e., empty, Taurus magazine for a .45 caliber weapon;
- One Glock magazine with 15 rounds of ammunition inside;
- One box labeled American Eagle of 44 rounds of ammunition; and
- One box of 43 rounds of 9 x 18 caliber ammunition.

Evidence was presented to the jury during the jury trial that:

- Korey's mother's home had an entry-level and a basement, and Korey lived in the basement;
- one of the probation officers that conducted the search of the home found a gun case labeled "Glock" in a cardboard box under the stairs in the basement;
- the Beretta handgun and two magazines, among other items, were found in the gun case found in the cardboard box under the stairs;

---

[3] The legality and facts of the search were previously addressed by this court in an opinion and order denying Korey's motion to suppress. United States v. Korey, Crim. Action No. 14-108, 2015 WL 737638 (Feb. 20, 2015).

- one of the probation officers found the two boxes of ammunition in a blue plastic bin under the stairs in the basement;

- the box of ammunition labeled American Eagle and found in the blue plastic bin was wrapped in a cut-off sleeve of a black t-shirt; and

- the cardboard box and blue plastic bin were found under the same set of stairs in the basement and were in close proximity to each other.

The foregoing evidence—which was presented to the jury during Korey's trial—is sufficient to show that the Beretta firearm, empty magazine, magazine loaded with 15 rounds of ammunition, and the two boxes of ammunition were stored in the "same location," i.e., in containers located under the stairs in the basement of Korey's mother's home. The facts of this case are more akin to Marino, in which the court of appeals determined the possession of a firearm in a bedroom nightstand and two other firearms in a closet near the bedroom was a single offense, than Kennedy, in which the court of appeals determined the possession of firearms in hidden compartments in two different vehicles with different brands of drugs was not a single offense. The evidence is sufficient in this case for the government to charge one offense for the alleged possession by Korey of the Beretta firearm, empty magazine, magazine loaded with 15 rounds of ammunition, and the two boxes of ammunition.

The Third Circuit Court of Appeals has not decided whether—in a criminal case brought under 18 U.S.C. § 922(g)(1) involving the *single* possession of multiple firearms *or* a firearm and ammunition—the court must instruct the jury that it must be unanimous with respect to the object allegedly possessed by the defendant, i.e., to convict the defendant, each juror must be in agreement that the defendant possessed a *particular* firearm or *particular* ammunition. In United States v. Wise, 515 F.3d 207 (3d Cir. 2008), however, the court of appeals held that a jury was not required to unanimously agree on the type of weapon possessed by a defendant charged under 18 U.S.C. § 924(c)(1) "because a specific type of firearm is not an element of a violation

under" that statute. Wise, 515 F.3d at 214-15 (citing Richardson v. United States, 526 U.S. 813, 818 (1999)). The First Circuit Court of Appeals in United States v. Verrecchia, 196 F.3d 294 (1st Cir. 1999), considered the issue with respect to the single possession of *multiple firearms* under § 922(g)(1) and held that a jury instruction with respect to unanimity was not required because the possession of a *particular* firearm is not an element of § 922(g)(1); rather, it is a *means* of committing the offense and unanimity is <u>not</u> required with respect to the means of committing an offense. Id. (citing Richardson, 526 U.S. at 818 (holding a federal criminal jury must unanimously agree to all the elements of a crime in order to convict, but need not agree on the underlying brute facts that are merely the means used to satisfy an element.")). The court in Verrecchia, following the Supreme Court's analysis in Richardson, first examined the plain language of § 922(g), and commented:

> The plain language of the statute suggests that the element of the crime is simply the possession of "any firearm." If so, then twelve jurors who agreed that a defendant possessed a firearm, but disagreed about which particular one, would be unanimous on the element-that he possessed "any firearm." Their disagreement would be acceptable because it would only concern "underlying brute facts." Richardson, 119 S.Ct. at 1710.
> …
> The specific, technical description of the status of the possessor contrasts with the general description "any firearm," supporting the conclusion that Congress's focus was on the felon and not on the nature or number of firearms possessed.

Verrecchia, 196 F.3d at 299.

The court noted that with respect to the punishment provision for violations of § 922(g):

> [n]othing in these statutory provisions indicates an intent on the part of Congress to link culpability to the nature or quantity of the weapons possessed, and the fine and minimum sentence provisions, as well as the available exception, reinforce our impression that Congress was primarily concerned with the characteristics of the individual felon in possession.

Id. at 299-300. The court also found support for its holding in the legislative history of "former subsections of 18 U.S.C. § 922 and in 18 U.S.C.App. § 1202(a)(1), which were adopted in 1968

7

and superseded by the current version of § 922(g)(1) in 1986." Id. at 300. The court explained that "[l]ike the statutory language, the legislative history focuses on the person, not the firearm." Id. Under the foregoing circumstances and in light of considerations of "tradition and potential unfairness," the court of appeals in Verrecchia held that the possession of a particular firearm is not an element of § 922(g)(1). Id. at 301.

At least four other courts of appeals are in agreement with the First Circuit Court of Appeals that a jury is not required to be unanimous with respect to a particular firearm involved in the commission of a violation of § 922(g)(1). See United States v. Pollock, 757 F.3d 582, 587-88 (7th Cir. 2014); United States v. Talbert, 501 F.3d 449, 451-52 (5th Cir. 2007); United States v. DeJohn, 368 F.3d 533, 542 (6th Cir. 2004) ("[T]he district court did not commit plain error in failing to give an instruction to the jury requiring unanimity as to which of the firearms DeJohn possessed."); United States v. Drayton, 51 F. A'ppx 95, 97 (4th Cir. 2002).

In Verrecchia, the defendant was charged with the single possession of multiple firearms. While no court of appeals has directly addressed the issue, the holding of that decision applies with equal force to cases involving the single possession of firearms *and* ammunition, like the instant case. The court in Verrecchia determined that Congress' focus was on the *felon* in possession of "*any* firearm *or* ammunition," and not on the *particular* firearm *or* ammunition. In other words, if it is a case of singular possession, a jury does not have to be unanimous with respect to whether the defendant possessed a *particular* firearm **or** *particular* ammunition.

Here, under Verrecchia and the other decisions by the Fifth, Sixth, and Seventh Circuit Courts of Appeals, and with support from the court of appeals' decision in Wise, because Korey was properly charged with one offense for the single possession of the items found in the gun case in the cardboard box, i.e., the Beretta firearm, empty magazine, and magazine loaded with

8

15 rounds of ammunition, *and* the items found in the blue plastic bin, i.e., the two boxes of ammunition, the jury does not have to be unanimous with respect to whether Korey possessed the firearm *or* <u>any</u> of the ammunition. Korey may be convicted of count one of the indictment if the jury determines beyond a reasonable doubt that he possessed the Beretta handgun *or* any of the ammunition found by the probation officers during the search of his mother's home.

Korey argues that under the facts of this case the jury is likely to be confused, and, therefore, it is necessary that the jury be unanimous with respect to which item he allegedly possessed. Korey's argument is without merit. As discussed above, because Korey's possession of the items seized by the probation office—if proven beyond a reasonable doubt—constitutes a single offense as charged in count one, and the possession of a *particular* firearm <u>or</u> ammunition is not an element of the offense, the jury is not required to be unanimous with respect to the item he possessed.

For the reasons stated herein, the objection of the defendant is overruled, the request of the government is granted in part, and the following instruction will be given to the jury in the final charge in this case:

> As I already instructed you, you must unanimously agree that the government has proven beyond a reasonable doubt the elements of each offense with which Mr. Korey is charged in order to convict Mr. Korey of the crimes charged in the superseding indictment.
>
> With respect to the second element of count one, however, if the firearm and ammunition were found in the same location, you do not have to be in unanimous agreement about whether Mr. Korey knowingly possessed the firearm or any of the ammunition as long as each of you find that Mr. Korey was in knowing possession of the firearm or any of the ammunition. For example, if a firearm is found in the nightstand of a bedroom and two other firearms are found in a closet near the bedroom, those items were found in the "same location." Under those circumstances, it would be sufficient that a few jurors determined that the defendant knowingly possessed the firearm in the nightstand, but not the firearms in the closet, a few jurors determined the defendant knowingly possessed the firearms in the closet but not the firearm in the nightstand, and the other jurors

determined that the defendant knowingly possessed both the firearm in the nightstand and the firearms in the closet.

In order to convict Mr. Korey of count two, you must be in unanimous agreement with respect to the first element of count two—that Mr. Korey knowingly possessed the .40 caliber Beretta.

An appropriate order will be entered.

BY THE COURT:

<u>Dated</u>: May 19, 2015
<u>/s/ JOY FLOWERS CONTI</u>
Joy Flowers Conti
Chief United States District Judge